COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-04-324-CV

 

 

IN THE MATTER
OF J.A.C.                                                                    

                                                                                                        

 

                                              ------------

 

            FROM THE 323RD DISTRICT COURT
OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In January 2003,
the trial court adjudicated Appellant J.A.C. delinquent for engaging in
indecency by contact with a child under seventeen years of age and sentenced
him to five years= confinement, probated, in the Texas Youth Commission
(TYC), subject to a possible transfer to the Institutional Division of the
Texas Department of Criminal Justice (IDTDCJ). 
In July of that same year, the trial court revoked Appellant=s probation and committed him to the custody of
TYC.  In September 2004, pursuant to TYC=s request, the trial court conducted a transfer
hearing and transferred Appellant from TYC to IDTDCJ.  Appellant appeals from the transfer order.

In one point,
Appellant contends that the trial court=s
admission of five exhibits containing TYC records and a summary report thereof
violated his rights under the Confrontation Clause.  Despite Appellant=s objection at
trial and comment in his brief on appeal that the witness through whom the
State=s exhibits were introduced had no personal knowledge,
Appellant did not object at trial to the witness=s testimony providing information from the exhibits until Appellant=s own lawyer had completed her cross-examination of
the witness. This objection was untimely.[2]  Although Appellant does not explain on
appeal which specific items of evidence in the exhibits were both testimonial
and harmful, our review of the testimony that was admitted before the untimely
objection shows that while at TYC, Appellant

$                  
engaged in chronic
disruption,

$                  
was placed on a
Behavioral Management Program,

$                  
was placed on a dorm
program to assist him in remediating his behavior, which proved unsuccessful,

 








$                  
maintained the lowest
phaseCPhase ZeroCin
behavior for the majority of his time at TYC, and the highest phase he ever
reached was Phase One, with Phase Four representing the highest and best
possible behavior,

 

$                  
had approximately 270
documented incidents of misconduct or referrals,

 

$                  
was placed in security
107 times, and

 

$                  
was warned on several
occasions that he could be transferred to IDTDCJ if he continued to engage in
noncompliant behavior.

 

The testimony also indicated that
TYC officials recommended that Appellant be transferred to IDTDCJ for the
remainder of his sentence.  This
evidence  supports the trial court=s determination to transfer Appellant to IDTDCJ.[3]    To preserve error in the admission of
evidence, a party must make a proper objection and get a ruling on that
objection and must then object each time the inadmissible evidence is offered
or obtain a running objection.[4]  Error, if any, in the admission of evidence
is cured when the same evidence comes in elsewhere without objection.[5]  Because Appellant did not timely object to
the testimony, he has failed to preserve error, if any, in the admission of the
exhibits.  Consequently, we overrule
Appellant=s sole point and affirm the trial court=s order.








 

PER CURIAM

PANEL F:    DAUPHINOT,
J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  October 27, 2005

 

 

 

 

 











[1]See Tex. R. App. P.
47.4.





[2]See Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070 (1999).





[3]See Tex. Fam. Code Ann. ' 54.11(k) (Vernon Supp. 2004-05).





[4]Valle v. State,
109 S.W.3d 500, 509 (Tex. Crim. App. 2003); see also Tex. R. App. P. 33.1(a)(1).





[5]Valle, 109
S.W.3d at 509.